**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| **PRECISION AIRCRAFT SOLUTIONS, LLC,** an Oregon limited liability company**,** and **321 PRECISION CONVERSIONS, LLC**, an Oregon limited liability company,<br><br>**PLAINTIFFS**,<br><br>v.<br><br>**MICHAEL SCOTT,** an individual, corporation,<br><br>**DEFENDANT**. | Case No. 3:19-cv-01055 SB<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

TO DEFENDANT MICHAEL SCOTT ("Defendant"):

YOU ARE HEREBY ORDERED TO SHOW CAUSE, at 1:30 p.m. on October 4, 2019 in Courtroom 15A of this Court, why the Court should not convert this Temporary Restraining Order into a preliminary injunction and enter a preliminary injunction further prohibiting you from: i) retaining any information that was created with or derived from Plaintiffs Precision Aircraft Solutions, LLC's and/or 321 Precision Conversions, LLC's (collectively, "Plaintiffs") property; ii) using any information that was created with or derived from Plaintiffs' property; iii) divulging to anyone any information that was created on or derived from Plaintiffs' property; and iv) working with any third-party entity with which you have already provided Plaintiffs' information.

Plaintiffs' Motion for a Temporary Restraining Order is GRANTED. Plaintiffs have established they will likely succeed on the merits of their trade secrets misappropriation and breach

of confidentiality agreement claims and will sustain irreparable harm prior to the hearing on the preliminary injunction. In addition, the balance of the equities tips in favor of Plaintiffs, and an injunction is in the public interest.

PENDING HEARING on the above Order to Show Cause, the Court ORDERS as follows:

1. Defendant, and anyone aiding or abetting him or acting in concert with him, shall:

    a. Pursuant to Federal Rule of Civil Procedure 26(d)(1), immediately preserve all documents, data, tangible things, and other materials relating to this case, including, without limitation, emails, data, databases, cloud storage, and paper and electronic data and documents, including any and all metadata, and shall take all steps necessary to do so.

    b. Be enjoined from altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing Plaintiffs' confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Defendant from, or by virtue of his contractual relationship with, Plaintiffs, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage, and directories.

    c. Be enjoined from directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiffs, any of Plaintiffs' confidential, proprietary, or trade secret documents, data, or information.

  d.  Be enjoined from soliciting Plaintiffs' prior, present, or potential customers, vendors, employees, and/or suppliers, to the extent that such solicitation is enabled by or based upon misappropriation of Plaintiffs' trade secrets and other confidential information.

  e.  Return all of Plaintiffs' documents, information, data, property, or anything else created with, or derived from, Plaintiffs' information or property immediately to Plaintiffs' counsel, including without limitation any such information or property on any personal computer, external hard drive, memory, drop box or external cloud system, stick or external device. Such information shall be delivered to Tucker Ellis LLP, 515 South Flower Street, 42nd Floor, Los Angeles, California 90071, c/o Brian K. Brookey. At the request of Defendant's counsel, Plaintiffs shall provide a forensic image of any of the trade secret and confidential material at issue, and Defendant's counsel may use such information solely for a defense in this matter. Such information shall be deemed attorneys' eyes only and not provided to Defendant.

  f.  Be enjoined from working with, planning, or discussing any actual or proposed competitive business activities with any entity that he has shared Plaintiffs' confidential or proprietary/trade secret information, including Sine Draco.

2. This Temporary Restraining Order is effective upon entry.

3. The Court finds that Plaintiffs need not post a bond.

4. Plaintiffs are entitled to take early and expedited discovery pending a hearing on the motion for preliminary injunction, including party and third-party depositions. Responses to written discovery during this period shall be served within ten calendar days, and depositions may be set on five calendar days' notice.

5. Plaintiffs will serve a copy of this order on Defendant.

6. Pursuant to the stipulation of the parties, this temporary restraining order shall remain in effect for 90 days (until and including October, 7, 2019), unless further extended by the Court.

With respect to the hearing on the motion for a preliminary injunction, the Court orders:

1. The parties shall negotiate a reasonable stipulated protective order governing the filing of confidential and trade secret information likely to be disclosed in this case.

2. Plaintiffs' motion for a temporary restraining order and preliminary injunction shall be considered its opening brief on the motion for a preliminary injunction.

3. Defendant's opposition brief shall be filed and served by email or ECF no later than September 13, 2019.

4. Plaintiffs' reply shall be filed and served by email or ECF no later than September 27, 2019.

5. The hearing on the motion for a preliminary injunction shall take place on October 4, 2019.

DATED this \_\_\_9\_\_\_ day of July, 2019.

_____
Marco A. Hernandez
U.S. District Judge